

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Judge Gottschall |
| v. | ) | |
| | ) | No. 09 CR 877 |
| FAMILY BANK & TRUST CO. | ) | |

## PLEA AGREEMENT

1.     This Plea Agreement between the United States Attorney for the Northern District of Illinois, PATRICK J. FITZGERALD, and defendant FAMILY BANK & TRUST CO., and its attorney, TERRENCE GILLESPIE, is made pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure as set forth more fully below. The parties to this Agreement have agreed upon the following:

### Charge in This Case

2.     The information in this case charges the defendant financial institution Family Bank & Trust ("FB&T") with conspiring with Marvin Siensa and others to violate compliance regulations by failing to file Currency Transactions Reports required by Title 31, United States Code, Section 5313, in violation of Title 18, United States Code, Section 371.

3.     Defendant, through its Board of Directors, has read the charges contained in the information, and those charges have been fully explained to defendant's Board of Directors by its attorneys.

4.     Defendant fully understands the nature and elements of the crime with which it has been charged.

## Charges to Which Defendant is Pleading Guilty

5.     By this Plea Agreement, defendant agrees to enter a voluntary plea of guilty to Count One of the information that charges the defendant financial institution with conspiring with Marvin Siensa and others to violate compliance regulations by failing to file Currency Transactions Reports, in violation of Title 18, United States Code, Section 371.

## Factual Basis

6.     Defendant will plead guilty because it is in fact guilty of the charges contained in the information.  In pleading guilty, defendant admits through a representative of the Board of Directors the following facts and that those facts establish its guilt beyond a reasonable doubt:

The defendant knows that as a financial institution, any director, officer, employee or agent of the financial institution was required, pursuant to 31 U.S.C. §5313(a) and 31 C.F.R. §103.22, to file with the Department of Treasury, Currency Transaction Reports for any deposits, withdrawals, exchanges of

currency or other payments or transfers, by, through, or to such financial institution involving a transaction in currency of more than $10,000. Further, multiple currency transactions shall be treated as a single transaction, if the financial institution has knowledge that these transactions are by or on behalf of any one person or entity and result in either cash in or cash out totaling more than $10,000 during any one business day.

From in or about March 2001 through August 2001, FB&T, together with Marvin Siensa and other individuals did conspire and agree to knowingly and willfully fail to file Currency Transaction Reports as required by the Secretary on various currency transactions involving funds in excess of $800,000.

Specifically, FB&T through Marvin Siensa and other bank employees received cash, in amounts exceeding $10,000, to be deposited into various customer accounts held by the bank. No Currency Transaction Reports were filed upon receipt of these deposits even though the defendant knew such filings were required. Often these customers had multiple accounts held by FB&T in the names of nominees or other business entities so that cash deposits, on any one day in excess of $10,000, could be deposited into the various accounts that were seemingly unrelated, in order to conceal the relationship between the transactions and the customers and to further avoid the filing of any reports. Marvin Siensa and employees of the bank agreed that FB&T would accept and

cause to be accepted, on any one day, cash deposits in excess of $10,000 without filing the required reports. On occasion, these deposits were made to appear as though the funds received were proceeds of legitimate businesses, when in fact, significant portions of the funds were proceeds of specified unlawful activity.

## Maximum Statutory Penalties

7.     Defendant understands that the charge to which it is pleading guilty carries the following statutory penalties:

        a.     A maximum sentence of five years' probation. This offense also carries a maximum fine of $500,000 or not more than twice the gross gain from the offense.

        b.     In accord with Title 18, United States Code, Section 3013, defendant will be assessed $400 on the charge to which it has pled guilty, in addition to any other penalty imposed.

## Sentencing Guidelines Calculations

8.     Defendant understands that in imposing sentence the Court will be guided by the United States Sentencing Guidelines. Defendant understands that the Sentencing Guidelines are advisory, not mandatory, but that the Court must consider the Guidelines in determining a reasonable sentence.

9.     For purposes of calculating the Sentencing Guidelines, the parties agree on the following points:

4

a. **Applicable Guidelines**. The Sentencing Guidelines to be considered in this case are those in effect at the time of sentencing. The following statements regarding the calculation of the Sentencing Guidelines are based on the Guidelines Manual currently in effect, namely the November 2008 Guidelines Manual.

b. **Offense Level Calculations.**

Because the defendant is an organization as that term is defined by Title 18, United States Code, Section 18, chapter eight of the advisory sentencing guidelines apply. However, because of the agreements relating to sentencing set forth more fully below, the fine guidelines pursuant to §8C2.1 have not been calculated;

c. **Criminal History Category.**

With regard to determining defendant's criminal history points and criminal history category, based on the facts now known to the government, defendant's criminal history points equal zero and defendant's criminal history category is I.

d. Defendant and its attorney and the government acknowledge that the Guideline calculations are preliminary in nature, and are non-binding predictions upon which neither party is entitled to rely. Defendant understands that further review of the facts or applicable legal principles may lead the

5

government to conclude that different or additional Guideline provisions apply in this case. Defendant understands that the Probation Office will conduct its own investigation and that the Court ultimately determines the facts and law relevant to sentencing, and that the Court's determinations govern the final Guideline calculation. Accordingly, the validity of this Agreement is not contingent upon the probation officer's or the Court's concurrence with the above calculations, and defendant shall not have a right to withdraw its plea on the basis of the Court's rejection of these calculations.

e. Both parties expressly acknowledge that this plea agreement is not governed by Fed.R.Crim.P. 11(c)(1)(B), and that errors in applying or interpreting any of the Sentencing Guidelines may be corrected by either party prior to sentencing. The parties may correct these errors either by stipulation or by a statement to the Probation Office or the Court, setting forth the disagreement regarding the applicable provisions of the Guidelines. The validity of this Plea Agreement will not be affected by such corrections, and defendant shall not have a right to withdraw its plea, nor the government the right to vacate this Plea Agreement, on the basis of such corrections.

### Agreements Relating to Sentencing

10. The parties have agreed that the sentence to be imposed shall include a term of two years' probation and a forfeiture judgment described more

6

fully in paragraph 12. As a condition of probation, the defendant agrees to establish an anti-money laundering program in order to guard against money laundering through FB&T. Pursuant to 12 C.F.R. §208.63, the defendant agrees to develop a written compliance program formally approved by the institution's board of directors. At a minium, the required components include: (1) a system of internal controls to assure ongoing compliance; (2) independent testing for compliance to be conducted by bank personnel or by an outside party; (3) designation of an individual or individuals responsible for coordinating and monitoring day-to-day compliance; and (4) training for appropriate personnel, including but not limited to the development of internal policies, procedures and controls; and the implementation of an ongoing employee training program; and implementation of an independent audit function to test programs.

It is understood by the parties that the sentencing judge is neither a party to nor bound by this Plea Agreement but if the Court accepts and imposes the agreed term of probation and the forfeiture judgment, defendant may not withdraw its plea as a matter of right under Federal Rules of Criminal Procedure 11(d). If, however, the Court refuses to impose the agreed terms of probation and the agreed forfeiture judgment as set forth herein, thereby rejecting the Plea Agreement, or otherwise refuses to accept the defendant's plea

of guilty, this Agreement shall become null and void and neither party will be bound thereto.

11.    Defendant agrees to pay the special assessment of $400 at the time of sentencing with a cashier's check or money order payable to the Clerk of the U.S. District Court.

## Forfeiture

12.    The information charges that defendant is liable to the United States for $800,000 which funds are subject to forfeiture because those funds were involved in the charged offense and traceable to the offense. By entry of a guilty plea to the information, defendant acknowledges that the funds identified above are subject to forfeiture.

13.    Defendant agrees to the entry of a forfeiture judgment in the amount of $800,000, representing the amount of cash for which Currency Transaction Reports should have been filed from approximately March 2001 through August 2001. Prior to sentencing, defendant agrees to the entry of a preliminary order of forfeiture relinquishing any right, title or ownership interest it has in the above-described funds. To fund the judgment, the defendant further agrees that a payment in the amount of $500,000 will be made prior to the imposition of sentence, as follows:

(a)     a partial payment, will be made at the time the guilty plea is entered, with a $250,000 payment from the defendant financial institution;

(b)     an additional partial payment to fund the outstanding balance will be received from a long-standing shareholder in the amount of $125,000 at the time the guilty plea is entered and a second partial payment in the amount of $125,000 will be received from this same shareholder prior to the imposition of sentence for a total payment of $250,000;

It is agreed that these funds and any remaining funds received in satisfaction of the judgment may be disposed of according to law.

Prior to the expiration of the period of probation, an additional payment in the amount of $300,000 will be due from FB&T or its successor entity to satisfy the forfeiture judgment subject to modification agreed to between the parties based on the value of the bank. Defendant FB&T further agrees to relinquish any claims that it has lodged or expects to make against funds in the approximate amount of $2,179,008.00 currently held by the United States Marshal in *United States v. Esawi, et al.* (02CR038) and funds or property seized administratively.

Defendant is unaware of any other third party who has an ownership interest in, or claim to, the above-described property and will cooperate with the United States during the ancillary stages of any forfeiture proceedings to defeat the claim of a third party

9

14.    Defendant understands that forfeiture of these funds shall not be treated as satisfaction of any other penalty the Court may impose upon defendant in addition to the forfeiture judgment.

## Presentence Investigation Report/Post-Sentence Supervision

15.    Defendant understands that the United States Attorney's Office in its submission to the Probation Office as part of the Pre-Sentence Report and at sentencing shall fully apprise the District Court and the Probation Office of the nature, scope and extent of defendant's conduct regarding the charge against it, and related matters.    The government will make known all matters in aggravation and mitigation relevant to the issue of sentencing.

## Acknowledgments and Waivers Regarding Plea of Guilty

### Nature of Plea Agreement

16.    This Plea Agreement is entirely voluntary and represents the entire agreement between the United States Attorney and defendant regarding defendant's criminal liability in case 09 CR 877.

17.    This Plea Agreement concerns criminal liability only.   Except as expressly set forth in this Agreement, nothing herein shall constitute a limitation, waiver or release by the United States or any of its agencies of any administrative or judicial civil claim, demand or cause of action it may have against defendant or any other person or entity.   The obligations of this

10

Agreement are limited to the United States Attorney's Office for the Northern District of Illinois and cannot bind any other federal, state or local prosecuting, administrative or regulatory authorities, except as expressly set forth in this Agreement.

## Waiver of Rights

18. Defendant understands that by pleading guilty it surrenders certain rights, including the following:

a. **Right to be charged by indictment.** Defendant understands that it has a right to have the charge prosecuted by an indictment returned by a concurrence of twelve or more members of a grand jury consisting of not less than sixteen and not more than twenty-three members. By signing this Agreement, defendant knowingly waives its right to be prosecuted by indictment and to assert at trial or on appeal any defects or errors arising from the information, the information process, or the fact that it has been prosecuted by way of information.

b. **Trial rights.** Defendant has the right to persist in a plea of not guilty to the charge against it, and if it does, it would have the right to a public and speedy trial.

i. The trial could be either a jury trial or a trial by the judge sitting without a jury. Defendant has a right to a jury trial. However, in

order that the trial be conducted by the judge sitting without a jury, defendant, the government, and the judge all must agree that the trial be conducted by the judge without a jury.

      ii.    If the trial is a jury trial, the jury would be composed of twelve citizens from the district, selected at random.  Defendant and its attorneys would participate in choosing the jury by requesting that the Court remove prospective jurors for cause where actual bias or other disqualification is shown, or by removing prospective jurors without cause by exercising peremptory challenges.

      iii.    If the trial is a jury trial, the jury would be instructed that defendant is presumed innocent, that the government has the burden of proving defendant guilty beyond a reasonable doubt, and that the jury could not convict it unless, after hearing all the evidence, it was persuaded of it guilt beyond a reasonable doubt.  The jury would have to agree unanimously before it could return a verdict of guilty or not guilty.

      iv.    If the trial is held by the judge without a jury, the judge would find the facts and determine, after hearing all the evidence, whether or not the judge was persuaded that the government had established defendant's guilt beyond a reasonable doubt.

12

v.      At a trial, whether by a jury or a judge, the government would be required to present its witnesses and other evidence against defendant. Defendant would be able to confront those government witnesses and its attorneys would be able to cross-examine them.

vi.      At a trial, defendant could present witnesses and other evidence in it own behalf.  If the witnesses for defendant would not appear voluntarily, it could require their attendance through the subpoena power of the Court.  A defendant is not required to present any evidence.

c.   **Waiver of appellate rights.**  Defendant further understands it is waiving all appellate issues that might have been available if it had exercised it right to trial.  Defendant is aware that Title 28, United States Code, Section 1291, and Title 18, United States Code, Section 3742, afford a defendant the right to appeal it conviction and the sentence imposed.  Acknowledging this, defendant knowingly waives the right to appeal it conviction, any pre-trial rulings by the Court, and any part of the sentence (or the manner in which that sentence was determined), including any term of imprisonment and fine within the maximums provided by law, and including any order of restitution or forfeiture, in exchange for the concessions made by the United States in this Plea Agreement.  The waiver in this paragraph does not apply to a claim of involuntariness, or ineffective assistance of counsel, which relates directly to this

13

waiver or to its negotiation, nor does it prohibit defendant from seeking a reduction of sentence based directly on a change in the law that is applicable to defendant and that, prior to the filing of defendant's request for relief, has been expressly made retroactive by an Act of Congress, the Supreme Court, or the United States Sentencing Commission.

        c.      Defendant understands that by pleading guilty it is waiving all the rights set forth in the prior paragraphs  Defendant's attorneys have explained those rights to it through its Board of Directors, and the consequences of its waiver of those rights. Defendant understands that it has the right to have the criminal charge in the information brought within five years of the last of the alleged acts constituting the specified violation.  By signing this document, defendant knowingly waives any right to have the charge in the information brought against it within the period established by the statute of limitations. Defendant also knowingly waives any defense or claim based upon the statute of limitations or upon the timeliness with which the charge in the information was brought.

## Other Terms

19.    Defendant agrees to cooperate with the United States Attorney's Office in collecting any unpaid forfeiture judgment for which defendant is liable,

14

including providing financial statements and supporting records as requested by the United States Attorney's Office.

## Conclusion

20.     Defendant understands that this Plea Agreement will be filed with the Court, will become a matter of public record and may be disclosed to any person.

21.     Defendant understands that its compliance with each part of this Plea Agreement extends throughout the period of it sentence, and failure to abide by any term of the Agreement is a violation of the Agreement. Defendant further understands that in the event it violates this Agreement, the government, at its option, may move to vacate the Agreement, rendering it null and void, and thereafter prosecute defendant not subject to any of the limits set forth in this Agreement, or may move to resentence defendant or require defendant's specific performance of this Agreement. Defendant understands and agrees that in the event that the Court permits defendant to withdraw from this Agreement, or defendant breaches any of its terms and the government elects to void the Agreement and prosecute defendant, any prosecutions that are not time-barred by the applicable statute of limitations on the date of the signing of this Agreement may be commenced against defendant in accordance with this

paragraph, notwithstanding the expiration of the statute of limitations between the signing of this Agreement and the commencement of such prosecutions.

22.     Should the judge refuse to accept defendant's plea of guilty, this Plea Agreement shall become null and void and neither party will be bound thereto.

23.     Defendant and its attorneys acknowledge that no threats, promises, or representations have been made, nor agreements reached, other than those set forth in this Plea Agreement to cause defendant to plead guilty.

24.     Defendant acknowledges that its Board of Directors has approved a resolution authorizing the entry of this Plea Agreement. Further, through its Board of Directors, defendant acknowledges that it has read this Plea Agreement and carefully reviewed each provision with it attorneys.  Defendant further acknowledges, through its Board of Directors, that it understands and voluntarily accepts each and every term and condition of this Agreement.

AGREED THIS DATE: ___11/17/09___

PATRICK J. FITZGERALD
United States Attorney

FAMILY BANK & TRUST CO.
Defendant

MARSHA A. MCCLELLAN
Assistant U.S. Attorney

TERRENCE GILLESPIE
Attorney for Defendant

17